T.C. Memo. 2011-113

UNITED STATES TAX COURT

JOHN R. CURRIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8970-07L.                    Filed May 31, 2011.

<u>Jon Noel Dowat</u>, for petitioner.

<u>Karen Lynne Baker</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether respondent abused his discretion in determining to proceed with collection of petitioner's income tax liabilities relating to 1994 through 2000.

FINDINGS OF FACT

From 1995 through 2001, respondent assessed against petitioner income tax deficiencies relating to 1994, 1995, 1996, 1997, 1998, 1999, and 2000 (years in issue). These deficiencies, together with interest and penalties, totaled more than $160,000. On March 2, 2005, respondent received from petitioner an offer-in-compromise (OIC) of $11,500 ($11,500 OIC). On March 10, 2005, respondent accepted the $11,500 OIC for processing. On October 4, 2005, respondent sent petitioner a letter rejecting the $11,500 OIC (2005 rejection letter). The 2005 rejection letter provided that if petitioner, within 30 days from the date of the letter, submitted an executed Form 656, Offer in Compromise, increasing his offer to $59,413, respondent would "recommend acceptance" of the $59,413 OIC. Respondent filled out a Form 656 (i.e., typed in petitioner's name and address, checked the relevant boxes, identified the years in issue, and listed the amount offered as $59,413) and enclosed it with the rejection letter.

From October 7, 2005, to March 13, 2006, Lloyd S. Myster, petitioner's certified public accountant and attorney, sent respondent multiple faxes in which Myster offered to increase the OIC to $50,000 ($50,000 offer) and asked whether another Form 656 was necessary. On March 13, 2006, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your

Right to a Hearing. In a fax sent March 29, 2006, respondent explained that the $50,000 offer was not sufficient because it was less than the acceptable $59,413 amount set forth in the 2005 rejection letter.

On April 10, 2006, petitioner timely sent respondent a Request for a Collection Due Process Hearing (CDP request). Petitioner attached to the CDP request a $60,000 cashier's check. In the CDP request, Myster wrote: "taxpayer has enclosed the check for $60,000 for full settlement of the compromised periods" and "attached is a check to full pay the taxpayers [sic] Offer in Compromise." Respondent applied the $60,000 payment to petitioner's unpaid income tax liabilities relating to the years in issue.

On July 13, 2006, petitioner submitted a $60,000 OIC based on doubt as to collectibility ($60,000 OIC) to the Holtsville, New York, office. On August 11, 2006, respondent sent petitioner a letter accepting the 2006 OIC for processing and stating that the $60,000 OIC would be sent to the Appeals employee handling his CDP request. In October 2006, petitioner's CDP request was transferred to respondent's St. Paul, Minnesota, office. In December 2006, petitioner's tax liability, including interest and penalties, had risen to more than $240,000. Respondent, on December 21, 2006, sent Myster a fax explaining that the $60,000 check was applied to petitioner's tax account because no OIC was

pending and the check was not submitted with a Form 656. The fax also included a rejection letter relating to the $60,000 OIC. In the letter respondent stated that, based on petitioner's reasonable collection potential in 2006, $184,211 would be an acceptable offer for an amended OIC.

On March 27, 2007, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed collection action relating to the years in issue. On April 23, 2007, petitioner, while residing in Minnesota, filed his petition with the Court.

OPINION

Petitioner does not dispute the underlying tax liabilities. Where the validity of the liability is not at issue, the Court reviews the Commissioner's administrative determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). To establish that the Commissioner abused his discretion, the taxpayer must show that the Commissioner's actions were arbitrary, capricious, or without sound basis in law or fact. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Section 6330(c)(3)[1] provides that in making a determination, the Appeals officer must verify that the requirements of applicable law and administrative

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code.

procedure have been met, consider the issues raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection be no more intrusive than necessary. Petitioner contends that respondent abused his discretion by not treating the $60,000 payment either as an acceptance of, or as a deposit relating to, petitioner's OIC.[2]

Section 7122 provides the exclusive method of effectuating an OIC. Luxton v. United States, 340 F.3d 659, 663 (8th Cir. 2003) (citing Botany Worsted Mills v. United States, 278 U.S. 282, 288-289 (1929)). Payments submitted with, or during the pendency of, an OIC are considered deposits and will not be applied to the liability until the offer is accepted. Sec. 301.7122-1(h), Proced. & Admin. Regs. If an OIC is withdrawn or deemed nonprocessable, any deposit will be returned to the taxpayer. Id.

For the following reasons, respondent's application of the payment to petitioner's outstanding income tax liabilities was not an abuse of discretion. First, petitioner, through Myster,

---

[2]Petitioner also contends that his right to due process was violated when respondent knew that petitioner was represented by counsel but called petitioner directly. Petitioner contends that respondent violated subsec. (a)(2) of sec. 6304, Fair Tax Collection Practices, and is subject to a sec. 7433 claim. We do not have jurisdiction over such claims. See sec. 7433(a).

did not follow the proper procedure for submitting the $60,000 payment. See sec. 301.7122-1(h), Proced. & Admin. Regs.; Rev. Proc. 2002-26, 2002-1 C.B. 746. Respondent, in the 2005 rejection letter, stated that an amended OIC should be submitted on a Form 656. To facilitate the process, respondent attached to the letter an OIC of $59,413 for petitioner to simply sign, date, and return. Petitioner failed to do so.[3]

Second, respondent and petitioner simply did not have an agreement. See Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 330 (1997) (stating that "'A prerequisite to the formation of a contract is an objective manifestation of mutual assent to its essential terms'" (quoting Manko v. Commissioner, T.C. Memo. 1995-10)), affd. without published opinion 208 F.3d 205 (3d Cir. 2000). Petitioner's $60,000 check did not constitute full payment of his tax liabilities and petitioner did not enter into a binding agreement with respondent to compromise his tax liabilities relating to the years in issue. See Baltic v. Commissioner, 129 T.C. 178, 179 n.3 (2007) (stating that "Cashing a check does not mean that the IRS has accepted the offer.")

---

[3]Petitioner contends that respondent abused his discretion by not responding to the $50,000 offer. We disagree. Petitioner, through Myster, did not follow proper procedures for submitting the $50,000 offer as an OIC, and respondent, in the Mar. 29, 2006, fax, explained that the $50,000 offer was not acceptable because it was less than the acceptable $59,413 amount. See sec. 301.7122-1(c)(1) and (2), (d)(1), Proced. & Admin. Regs.; Rev. Proc. 2003-71, 2003-2 C.B. 517.

(citing <u>Colebank v. Commissioner</u>, T.C. Memo. 1977-46, affd. without published opinion 610 F.2d 999 (D.C. Cir. 1979), and <u>Howard v. Commissioner</u>, T.C. Memo. 1956-219).  Respondent's 2005 rejection letter stated that an OIC of $59,413 would be recommended for acceptance but did not obligate respondent to accept a $59,413 or $60,000 OIC.

Third, the payment was not a deposit relating to an OIC because the check was not submitted with, or during the pendency of, an OIC.  We note that Rev. Proc. 2002-26, <u>supra</u>, provides that the Internal Revenue Service will, in certain circumstances, follow a taxpayer's specific written directions as to the application of a voluntary payment.  Respondent, however, could not have followed petitioner's instructions (i.e., "to full pay petitioner's OIC") because no pending OIC existed at the time respondent received the payment.

In sum, respondent did not abuse his discretion. Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.